In the Matter of the Arbitration between CITY OF LOCKPORT, Respondent, and LOCKPORT PROFESSIONAL FIREFIGHTERS ASSOCIATION, INC., LOCAL 963, IAFF, AFL-CIO, Appellant. [19 NYS3d 837]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered July 2, 2014 in a proceed-

ing pursuant to CPLR article 75. The order, insofar as appealed from, granted the petition of petitioner seeking a permanent stay of arbitration and denied the cross motion of respondent to compel arbitration.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the petition is denied and the cross motion is granted.

Memorandum: Petitioner and respondent are parties to a collective bargaining agreement (CBA) that defines grievance as including "all claimed violations of any contract existing between [petitioner] and the employees covered by" the CBA. After petitioner's Civil Service Commission (Commission) created a new position within the Lockport Fire Department, i.e., Municipal Training Officer (MTO), respondent and petitioner negotiated the terms and conditions of employment and the job duties applicable to that position. The product of their negotiations was a memorandum of agreement (MOA) that provided, inter alia, that employees in the position of MTO "shall only be eligible for future promotional consideration to a Line Officer's position pursuant to existing civil service rules, regulations, and procedure beginning with Fire Lieutenant." The Commission thereafter amended the job specifications for Fire Chief to make the MTO eligible for promotion to Fire Chief. Respondent filed a grievance and a demand for arbitration based upon petitioner's alleged violation of the MOA, and petitioner commenced this proceeding seeking a permanent stay of arbitration.

Supreme Court erred in granting the petition and denying respondent's cross motion to compel arbitration. At the outset, we note that petitioner did not previously raise its present contention that arbitration of the dispute is contrary to the Civil Service Law and public policy. Although that contention may be raised for the first time on appeal (*see Matter of Niagara Wheatfield Adm'rs Assn. [Niagara Wheatfield Cent. School Dist.]*, 44 NY2d 68, 72 [1978]), we conclude that it lacks merit. This State has a strong public policy favoring arbitration of public sector labor disputes (*see Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]), and "judicial intervention on public policy grounds constitutes a narrow exception to the otherwise broad power of parties to agree to arbitrate all of the disputes arising out of their juridical relationships" (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 6-7

[2002]; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 82 [2003]). The instant dispute does not fall within the narrow scope of that exception, inasmuch as the provision of the MOA at issue concerns promotion, a term or condition of employment that is a proper subject for negotiation and agreement between the parties (*see Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 372 [1997]).

We reject petitioner's contention that granting the remedy sought by respondent, i.e., enforcement of the MOA, would violate public policy and conflict with the Civil Service Law because it would interfere with the Commission's authority to establish the qualifications for the position of Fire Chief. "While the [Commission] undoubtedly had the authority to establish minimum qualifications for job titles in [City] government (*see* Civil Service Law §§ 50, 52), it does not follow that such determinations are immune from oversight or review" in an arbitration proceeding (*Matter of Ulster County Sheriff's Empls. Assn., CWA Local 1105 [Ulster County Sheriff's Dept.]*, 100 AD3d 1327, 1329 [2012], *lv denied* 20 NY3d 859 [2013]). Contrary to petitioner's further contention, we conclude that submitting the parties' dispute to arbitration does not violate the public policy underlying the Civil Service Law, inasmuch as a determination in favor of respondent would not compel petitioner to hire an unqualified candidate for the position of Fire Chief (*see United Fedn. of Teachers, Local 2, AFT, AFL-CIO*, 1 NY3d at 80-81). Finally, petitioner's original contention, i.e., that respondent's dispute is with the Commission, which cannot be bound by an arbitration award, goes to " 'the merits of the grievance[,] [which] are not the court[']s concern' " (*Matter of Board of Trustees of Cayuga County Community Coll. [Cayuga County Community Coll. Faculty Assn.]*, 299 AD2d 907, 908 [2002]). Present—Scudder, P.J., Smith, Centra, Whalen and DeJoseph, JJ.